**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                              :
MATTHEW T. MILLHOUSE, JR.,    :
                              :     Civil Action No.
            Petitioner,       :     09-6551 (JBS)
                              :
        v.                    :     **MEMORANDUM OPINION**
                              :     **AND ORDER**
WARDEN DONNA ZICKEFOOSE,      :
                              :
            Respondent.       :
_____:

This matter is before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), and it appearing that:

1. The Petition was executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. Petitioner submitted his filing fee.

2. The Petition consists of two parts: (a) a pre-printed form ("Form"); and (b) Petitioner's memorandum of law ("Memorandum"), with the Memorandum reiterating the statements made in the Form. See Docket Entries Nos. 1 and 1-2. Specifically, on both the Form and the Memorandum, Petitioner challenges the fact of Petitioner's conviction and lists a total of eleven grounds, the first eight of which assert that Petitioner was denied right to counsel on the grounds of the performance rendered by Petitioner's trial counsel, the ninth ground asserts denial of right to counsel on the grounds of the performance rendered by Petitioner's appellate counsel,

1

      the tenth ground asserts that Petitioner's (either trial or appellate, or both) counsel were ineffective in failing to assert Petitioner's "actual innocence" on the grounds that Petitioner was not served by his prosecutors with his administrative records, and -- finally -- Petitioner's ground eleven asserts that Petitioner's prison authorities are violating Petitioner's rights by executing Petitioner's sentence which he believes to be illegal. See id.

3. In no ambiguous terms Petitioner concedes that he had § 2255 proceedings before the United States District Court for the Northern District of Ohio (during which he already raised the same grounds presented in the instant Petition) and -- upon denial of his § 2255 motion -- appealed that denial to the United States Court of Appeals for the Sixth Circuit, which affirmed the trial court's findings. See Docket Entry No. 1, at 10.

4. What is omitted from Petitioner's instant application is the fact that Petitioner already sought § 2241 habeas relief (raising the very same grounds), and had his Petition denied by this Court for lack of jurisdiction. See Millhouse v. Grondolsky, Civ. No. 09-0312 (JBS) (D.N.J. March 31, 2009). Equally omitted from the Petition is the fact that Petitioner appealed this Court's decision dismissing his prior § 2241 application for lack of jurisdiction to the United States

    Court of Appeals for the Third Circuit, and the Court of Appeals has affirmed this Court's findings. <u>See</u> <u>Millhouse v. Grondolsky</u>, 331 Fed. App'x 108 (3d Cir. 2009).  Also omitted from the Petition is the fact that, upon the Court of Appeals' affirmance of this Court's determination, Petitioner sought certiorari from the United States Supreme Court, and had his application denied. <u>See</u> <u>Millhouse v. Grondolsky</u>, 175 L. Ed. 2d 878 (2010).[1]

5. There is no basis for this second filing.  The law has not changed since this Court's less-than-a-year-old decision dismissing, on March 31, 2009, Petitioner's prior § 2241 petition.  Nor did the law change during the four-month period from August 17, 2009 (the date when the Court of Appeals affirmed this Court's determination) to December 23, 2009 (when Petitioner executed the instant Petition).  Therefore, just as last year, Petitioner's instant application is still subject to dismissal on the grounds already articulated by this Court and the Court of Appeals.  Indeed, another reiteration of the same appears wholly unwarranted and a waste of judicial resources.

6. However, what seems to be warranted and even necessary is an explanation to Petitioner of the doctrine of abuse of writ.

---

[1] The instant matter was initiated while Petitioner was awaiting the decision of the Supreme Court.

The Court of Appeals clarified the workings of the doctrine as follows:

> When a prisoner files multiple petitions [seeking] relief [in the form of a writ], the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims: No circuit or district judge shall be required to entertain an application for [another writ] to inquire into the detention of a person . . . if it appears that the [same issue was resolved] by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

Furnari v. United States Parole Comm'n, 531 F.3d 241, 2008 U.S. App. LEXIS 14512, at *6-8 (3d Cir. July 9, 2008) (relying on Sanders v. United States, 373 U.S. 1, 9, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)). "The Court in Sanders explained that a court may grant controlling weight to a denial of a prior application for [a writ] when three criteria are met: (1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) 'the ends of justice' would not be served by reaching the merits of the subsequent application." Id. at 21 (citing Sanders 373 U.S. at 11). The Court, therefore, strongly cautions Petitioner against future filing of pleadings raising already dismissed claims. Petitioner's persistence could earn Petitioner an abuse-of-writ bar and other sanctions, if appropriate.

**IT IS** on this  **30th**  day of **March** , 2010,

**ORDERED** that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, Docket Entry No. 1, is DISMISSED for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner, by regular U.S. mail, and shall close the file on this matter.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge